Parry Grover
DAVIS WRIGHT TREMAINE LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501
(907) 257-5300, telephone
(907) 257-5399. facsimile
parrygrover@dwt.com

Attorneys for Plaintiffs Chenega Lodging, LLC, et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHENEGA LODGING, LLC, d/b/a CLARION SUITES HOTEL and PARKSTRIP ROSEGARDEN HOTEL, LLC, d/b/a HAWTHORN SUITES HOTEL,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITE HERE LOCAL 878, affiliated with UNITE HERE INTERNATIONAL AFL-CIO, CLC,<br><br>    Defendant. | Case No. 3:05-cv-0166-RRB<br><br>STIPULATION AND <u>PROTECTIVE ORDER</u> |

IT IS HEREBY STIPULATED AND AGREED, by and among the parties as follows:

A. In stipulating to procedures set forth below, the parties have considered and relied upon the following factors:

1. It is desirable for plaintiff and defendant in this litigation and their respective counsel to coordinate their efforts and to exchange information

for purposes of this litigation in the most expeditious fashion possible, with a minimum of burden, expense and delay.

2. Information and documents which may be sought in discovery may be of a confidential nature and the purposes of this Stipulated Order include the protection of the confidentiality of such information insuring that the parties can obtain and pursue discovery with a minimum of delay and expense;

3. Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of confidential information in appropriate circumstances;

4. Each of the parties and their counsel believe that entry of these provisions will permit discovery to proceed more expeditiously and with less expense by eliminating or reducing the need for redacting arguably irrelevant or sensitive information from documents and by avoiding disputes over and thus permitting the production of arguably relevant but sensitive documents and by permitting the parties to produce larger quantities of documents more rapidly than would otherwise be the case.

B. When used in this Order, the word "documents" means all written, recorded, or graphic matter whatsoever, including, but not limited to, interrogatory answers, requests to admit and responses thereto, documents produced by any party or nonparty in these actions whether pursuant to Rule 34,

Protective Order - 2
86614v4 69112-1 (protective order)

subpoena, or by agreement, deposition transcripts and exhibits, and any portion of any court papers which quote from any of the foregoing.

C.  All documents, as that term is defined herein, shall be used solely for the prosecution and/or defense of this action.

D.  Either or any nonparty producing documents in this action which contain or disclose trade secrets, customer or client financial records or information covered by or as defined in the Right to Financial Privacy Act of 1978, 12 U.S.C. 3401 et seq., AS 06.05.175, business forecasts or strategy, the terms of executory contracts, personnel files, proprietary business information or material or other commercially sensitive and currently valuable information of a nonpublic nature, may designate such documents as "confidential," which documents shall be so marked, as specified herein, in advance of their production.

E.  If a party wishes to designate any document(s) produced by a party or nonparty as "confidential," the party shall so inform all other parties of this fact by placing a legend on the document, as set forth herein, at or prior to the time of production. Any party (the "inspecting party") desiring to do so shall inspect any such document(s) and inform the other parties in writing whether the inspecting party has any objection to the designation of any such document as "confidential." If any inspecting party objects to a designation of any document(s) as "confidential," the inspecting party shall, if it desires to have such document(s)

Protective Order - 3
86614v4 69112-1 (protective order)

denied "confidential" status, file a motion to resolve the dispute over whether such document(s) qualifies for confidential status within twenty-five (25) days after mailing the first such objection by any inspecting party.  Pending resolution of a dispute over the status of a document as a "confidential" document, all parties and all other persons bound by this Order shall treat any such documents as "confidential" until the matter is resolved by the Court.  Nothing in this paragraph shall in any way impede the production of documents over which there is a dispute as to their "confidential" status.

F.     If any of the materials or portions thereof designated as "confidential" by a party or nonparty constitute or refer to confidential personal or business information of non-parties to this litigation, including the identity of business entities with whom Plaintiff discussed the potential sale of its assets or the names of employees of such entities, the producing party or nonparty may redact those materials (i) to prevent disclosure of confidential information not relevant to any issue in this case, or (ii) to prevent disclosure of the identity of the specific entities with whom Plaintiff has discussed the potential sale of its assets (including the disclosure of the entities' employees' names).  If a producing party redacts materials under this paragraph, the materials that are produced shall be clearly marked with the word "REDACTED" in addition to the language set forth in paragraph H, *infra*.  If the receiving party questions the basis for any redaction made pursuant to this paragraph, it may make a written request to the producing

Protective Order - 4
86614v4 69112-1 (protective order)

party for an explanation of the reasons for the redaction in question. If a request is made under the preceding sentence, the producing party will disclose in writing the reasons for the redaction in question without disclosing the redacted information itself. If, after receiving an explanation of the reasons for the redaction the receiving party wishes to object to the redaction, it may file a motion with the Court for a determination whether it is entitled to the production of a partially redacted or un-redacted copy of the document or documents in question within twenty (20) days of receiving the explanation. In facilitating resolution of disputes over redacted documents, in order to protect the legitimate interests of the parties to this action as well as the interests of certain nonparties, the Court may, if it deems appropriate, permit *in camera* inspection of un-redacted copies of disputed documents by counsel for the parties. Such inspection shall occur outside of the presence of the parties themselves, and counsel will not be permitted to make or retain copies of such un-redacted documents.

G.   The party who desires to have any document treated as being "confidential" hereunder shall bear the burden of proving that each such document is entitled to the added protection accorded to "confidential" documents as set forth herein.

H.   Subject to paragraphs E, F and G, "confidential" documents shall include all originals and copies thereof which a party or nonparty has designated

Protective Order - 5
86614v4 69112-1 (protective order)

as confidential by marking the cover page or marking a blank sheet affixed to the cover page with a stamp containing the following language:

**CONFIDENTIAL**
**PROTECTED UNDER COURT ORDER IN THE**
**U.S. DISTRICT COURT FOR THE DISTRICT OF ALASKA**
**CASE NO. A05-166 CIV (RRB)**

In lieu of placing said stamp on the originals of documents, the party or nonparty may stamp the copies that are produced or exchanged. In the event that a document which has been marked with the "confidential" stamp loses its confidential status by operation of paragraphs E, F and G, the stamp appearing on the document shall be crossed out.

I. Any deponent or party may designate information disclosed during a deposition as confidential information by so indicating on the record at the deposition or by designating in writing, within twenty (20) days of receipt of the transcript, the specific pages and lines of the transcript and/or the exhibits for which confidential treatment is proposed. Any other party may object to such a designation, in writing or on the record, within thirty-five (35) days of the receipt of the transcript of the deposition. The provisions of paragraphs E, F and G shall govern the determination of what, if any, portions of the deposition transcript and/or exhibits shall be accorded confidential status. The reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript accordingly, and shall file the transcript and/or exhibits under seal with the Clerk. For the convenience of the parties, the stenographic

Protective Order - 6
86614v4 69112-1 (protective order)

reporters, the Clerk and the Court, any party may request that, if a deposition transcript and/or exhibits contain both confidential and non-confidential material, the entire transcript and all exhibits be sealed.

J. Confidential documents, including redacted confidential documents, may be used for any purpose in this action including being referred to in interrogatory answers, motions, briefs, and may be used in depositions and marked as deposition exhibits in this action. However, no such document shall be used for any of the above-specified purposes unless it, or the portion of the Court paper where it is revealed, is appropriately marked and filed under seal with the Clerk. For the convenience of the parties, the Clerk and the Court, a party filing any pleading in this Court which contains both confidential and non-confidential material may file the entire pleading under seal.

K. Except with the prior written consent of the party or nonparty asserting confidential treatment, no document designated as confidential and no information contained therein may be disclosed to any person other than:

1. Parties and counsel, including house counsel, for the parties in this actions and the insurer for any party and its counsel;

2. Secretaries, paralegal assistants, and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

Protective Order - 7
86614v4 69112-1 (protective order)

3. Persons whose testimony is or may be taken, or persons noticed for depositions or designated as trial witnesses in this action and their counsel to the extent deemed necessary by the counsel for the witnesses' preparation for testimony. Such persons shall be bound by this Order, provided with a copy of this Order, advised that they are bound by it and sign Exhibit B; and

4. Those persons specified in paragraph L who meet the conditions of that paragraph.

L. Confidential documents may be shown to outside consultants and experts consulted or retained for the purposes of assisting in the preparation of this action, upon the following terms and conditions:

1. Before making disclosure, the party must obtain an agreement in writing (per the form attached as Exhibit A) from the outside expert or consultant reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions; and

2. If the Court requires that the identity of outside experts and consultants be disclosed, a copy of all agreements to be bound which have been executed by such person shall be furnished to all parties requesting same.

M. Confidential documents may be disclosed to employees of parties or counsel to this action who are involved solely in one or more aspects of organizing, filing, coding, covering, storing or retrieving data and/or designating

Protective Order - 8
86614v4 69112-1 (protective order)

programs for handling data connected with this action, including the performance of such duties in relation to a manual or computerized litigation support system, and to employees of third-party contractors performing one or more of these functions for one or more such parties.

N.   Confidential documents may be disclosed to counsel who represent either party in this action, but only on condition that such counsel shall not use, directly or indirectly, any information from the confidential documents of another party or nonparty contrary to the provisions of this Order.

O.   Except for parties, insurers, counsel and their staff in this action and outside experts and consultants covered by the provisions of paragraph K hereof, no person authorized under the terms hereof to receive access to confidential documents shall be granted access to them until such person has read this Order and agrees in writing to be bound by same (per the form attached as Exhibit B). The counsel revealing documents shall be responsible for maintaining a list of all persons to whom such documents are disclosed as well as copies of agreements signed by them.  For good cause shown, such lists and agreements shall be available for inspection by counsel for other parties upon order of this Court.

P.   If any party files any confidential documents or confidential information with the Court, all such confidential documents and confidential information shall be filed under seal and shall be maintained under seal by the Court.  For the convenience of the parties, the Clerk and the Court, any filing

Protective Order - 9
86614v4 69112-1 (protective order)

containing both confidential and non-confidential material may be filed entirely under seal.

Q. At the conclusion of this litigation, any originals or reproductions of any documents [excluding (i) documents which have been filed with the Court or (ii) which contain negotiations of counsel or person in his employ, in which case they will be destroyed] produced by a party or nonparty shall be returned to the producing party or nonparty upon written request or destroyed with proper certification provided. Insofar as the provisions of this Order restrict the use of the document provided hereunder, such Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction of non-confidential documents that are used as exhibits during trial, and (b) that a party may seek the written permission of the producing party or further order of the court with respect to dissolution or modification of such protective orders. Nothing herein shall require the return or destruction of any work product of any counsel.

R. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation or doing anything necessary to prosecute or defend this litigation and furthering the interests of their respective clients, provided however, that the attorney shall not disclose any confidential document (or information derived therefrom) produced

Protective Order - 10
86614v4 69112-1 (protective order)

or exchanged by another party or nonparty herein where disclosure would be contrary to the terms of this Order.

S.  Nothing in this Order shall be construed to prohibit a producing party from seeking relief from an inadvertent and/or unintentional disclosure of confidential information or requiring punishment of any inadvertent, harmless and/or unintentional disclosure of confidential information.

T.  This Order may be modified by stipulation by both parties, approved by the Court, or by application to the Court by any party noticing a motion. Nothing in this Order shall prohibit a party from seeking further protection of confidential information for the trial of this litigation by stipulation among all the parties, approved by the Court; by application to the Court by noticed motion; or by the Court's Order for Trial of this litigation.

U.  This Order is without prejudice to any party's right to assert either the attorney-client or work-product privilege, and to any other party's right to contest any such assertion.

Entry of the foregoing Order is hereby stipulated to.

Dated this 30th day of December, 2005.

        s/ Parry Grover
        Davis Wright Tremaine LLP
        701 W. 8th Avenue, Suite 800
        Anchorage, Alaska  99501
        Phone:  907-257-5300
        Fax:  907-257-5399
        Email:  parrygrover@dwt.com
        Alaska Bar No.:  8006020

Protective Order - 11
86614v4 69112-1 (protective order)

Dated this 9th day of January, 2006.

s/ Randall G. Simpson (consent)
Jermain, Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, Alaska  99503
Phone:  907-563-8844
Fax:  907-563-7322
Email:  rsimpson@jdolaw.com
Alaska Bar No. 7710166

Certificate of Service

I hereby certify that on the 18th day of January, 2006, a true and correct copy of the foregoing document was sent by email to the following party:

> Randall G. Simpson
> Jermain Dunnagan & Owens
> 3000 A Street, Suite 300
> Anchorage, Alaska  99503
> rsimpson@jdolaw.com

By:  s/ Parry Grover

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

Protective Order - 12
86614v4 69112-1 (protective order)